PER CURIAM.
Aerofloral, Inc., an indirect air carrier and freight consolidator, appeals from a final summary judgment in favor of Rodri-cargo Express Corp., a freight forwarder, in an action arising from the loss of cargo from Aerofloral’s warehouse. We affirm.
Rodricargo delivered certain goods to Aerofloral for transportation to Colombia. The goods were delivered in sealed containers to Aerofloral’s warehouse located near Miami International Airport. While in the warehouse awaiting delivery to the plane, the containers were opened and inspected by United States Customs. Aero-floral thereafter requested that Rodricargo send a representative to its warehouse to reseal the shipment. A Rodricargo representative, while resealing the shipment, discovered that one of Rodricargo’s containers was missing. As an affirmative defense in the resulting action filed by Rodricargo, Aerofloral unsuccessfully raised in the trial court a limitation of liability provided under the terms of its air waybill for cargo which is “in carriage” at the time of the loss. Aerofloral now seeks review of that determination.
We agree with the trial court’s ruling that the cargo was not in carriage at the time of loss. Once the cargo was opened by customs, it was no longer ready for transport, as evidenced by Aerofloral’s request that Rodricargo reseal the shipment. As a result the limitation of liability is not applicable. See, e.g., Royal Ins. Co. v. Latin American Aviation Servs., Inc., 210 F.3d 1348 (11th Cir.2000).
Affirmed.